### 21731

George RICHARDSON, Appellant, v. Hugh McCUTCHEN, as Supervisor of the Williamsburg County Board of Commissioners; David Nexsen, Moise Wilson, Theodore Miller and Tommy Grier, as Governing Body of Williamsburg County, and their successors in office as a class, and, Joe Tisdale, Theresa G. Watson, Patsy Nell Burgess, Rev. James Council, F. Q. Epps, James Foushee, Lillian McClary, Rev. Henry Cooper, and James W. Campbell, as Members of the Williamsburg County Recreation Commission, and their Successors in office as members of a class, and Williamsburg County, Respondents.

(292 S. E. (2d) 787)

*Stevens, Stevens & Thomas,* Loris, *for appellant.*

*W. E. Jenkinson, III* of *Jenkinson & Jenkinson,* Kingstree, *for respondents.*

June 14, 1982.

HARWELL, Justice:

Appellant, a former director of the Williamsburg County Recreation Department, initiated this action to recover $25,333.00 pursuant to his employment contract which had been terminated by the Williamsburg County Recreation Commission. Appellant alleged that the two acts increasing the number of recreation commissioners from five to seven and then from seven to nine were unconstitutional, and therefore, his termination by the nine member commission was invalid. Respondents, members of various governing bodies of Williamsburg County, were granted a summary judgment. We conclude that the two acts are unconstitutional; we reverse and remand for trial.

In 1971 the General Assembly created the five member Williamsburg County Recreation Commission as a special

purpose district. That commission hired appellant in 1974 as Director of the Williamsburg County Recreation Department. Then in 1975, by Act No. 246, the General Assembly increased the number of recreation commissioners to seven. The seven member commission renewed appellant's two year contract in March 1977. Shortly thereafter, by Act No. 381 of 1977, the General Assembly increased the membership of the commission to nine. On or about August 1, 1977, the nine member commission discharged appellant. Appellant contends the two acts increasing the commission's membership violate Article VIII, § 7 of the South Carolina Constitution as special legislation.

Both Act No. 246 and Act. No. 381 were enacted subsequent to the ratification of Article VIII by which the General Assembly was prohibited from enacting laws for a specific county or municipality. S. C. Const. Art. VIII, §§ 7, 10. This Court held in *Kleckley v. Pulliam*, 265 S. C. 177, 217 S. E. (2d) 217 (1975) that the prohibition means that no law may be passed concerning a specific county which relates to those powers, duties, functions and responsibilities, which under the mandated systems of government, are set aside for counties. The prohibition is applicable to special legislation dealing with districts created prior to the ratification of Article VIII or the amendment of prior special legislation. *Cooper River, etc. v. City of N. Charleston*, 273 S. C. 639, 259 S. E. (2d) 107 (1979); *Torgerson v. Craver*, 267 S. C. 558, 230 S. E. (2d) 228 (1976). Because Acts 246 and 381 amended the prior special legislation which created the Williamsburg County Recreation Commission, the prohibition of Article VIII § 7 applies.

Nevertheless, the trial court concluded that the two acts increasing the commission's membership were constitutional as "transitional legislation" under *Duncan v. York County*, 267 S. C. 327, 228 S. E. (2d) 92 (1976). We disagree. *Duncan* held that § 1 of Article VIII allows the General Assembly to legislate to bring about an orderly transition to local home rule government, but that such authority is temporary and extends only so far as necessary to place Article VIII fully into operation. *Van Fore v. Cooke*, 273 S. C. 136, 255 S. E. (2d) 339 (1979), however, limited transitional legislation to a "one shot" proposition so that the General

Assembly could not repeatedly inject its will into the operation of county government. And in *Horry County v. Cooke*, 275 S. C. 19, 267 S. E. (2d) 82 (1980), we stated that once a legally constituted government becomes functional, the *Duncan* exception ends, thereby precluding any further special legislation. The purpose of transitional legislation is simply to establish an initial, legal county government. We conclude that the two acts increasing the Williamsburg County Recreation Commission membership are clearly not the "transitional" legislation anticipated by *Duncan*. Therefore, the trial court erred in sustaining the Acts' constitutionality on this basis. These two acts do not relate to the operative machinery necessary to implement a new form of government under Article VIII. Instead, the Acts are an attempt by the General Assembly to immerse itself directly in the regulation of a recreation district within Williamsburg County, which is now a function reserved for local county government under Article VIII. *Cooper River, etc. v. City of N. Charleston,* supra. Indeed, respondents' counsel conceded during oral argument that the increase in the commission's membership was not necessary.

Accordingly, we hold that Act 246 of 1975 and Act 381 of 1977 are unconstitutional. We remand for trial on the merits.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.